UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JAMES W. HARRISON,<br>  a/k/a JAMES WILLIAM HARRISON,<br><br>         Plaintiff,<br><br>V.<br><br>JASON K. BACK, Deputy Sheriff,<br>Laurel County Sheriff's Department,<br><br>         Defendant. | CIVIL ACTION NO. 6:16-CV-63-KKC<br><br><br>MEMORANDUM OPINION<br>AND ORDER |

Plaintiff James W. Harrison, a/k/a James William Harrison, is an inmate confined by the Kentucky Department of Corrections ("KDOC") in the Laurel County Detention Center, which is located in London, Kentucky.  Proceeding without counsel, Harrison, KDOC Inmate No. 198637, has filed a U.S.C. § 1983 civil rights complaint [R. 1] in which he asserts constitutional claims against Jason K. Back, whom Harrison identifies as a Deputy Sheriff employed by the Laurel County Sheriff's Department.  Harrison alleges that on March 2, 2015, at approximately 8:00 p.m., Back arrested him at the residence of Jo Maggard, 115 Elmwood Court, London, Kentucky, and that during the course of the arrest, Back applied unnecessary and excessive physical force to him, causing him to sustain serious bodily injuries.  By separate order, Harrison has been granted *in forma pauperis* status.

1

Harrison alleges that Back's actions violated his rights guaranteed by the Fourth Amendment of the U.S. Constitution, which prohibits unreasonable searches and seizures, and by the Fourteenth Amendment of the U.S. Constitution, which guarantees a pre-trail detainee's right to be free from cruel and unusual conduct, such as excessive force by a state actor.[1]  Harrison further contends that Back's alleged conduct amounted to assault, negligence, and wanton conduct, see R. 1, p. 3, all of which qualify as torts under common law.  Harrison asks that Defendant Back be "made to resign" from his position; be ordered to undergo "…psychological examination to determine his eligibility to serve the public…," and be ordered to pay him $1 million in monetary damages.  [R. 1, p. 9 § VI ("Relief")]

The Court has conducted a preliminary review of Harrison's complaint because he asserts claims against a government official and because he has been granted pauper status. 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  In such cases, a district court must dismiss any action which: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *Id*. Because Harrison is not represented by an attorney, the Court liberally construes his claims and accepts his factual allegations as true.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); Bell *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  But as explained below, the Court determines that Harrison's Fourth and Fourteenth Amendment claims against Back are time-barred, and must be dismissed with prejudice.  The Court will also

---

[1] Section 1983 does not confer substantive rights; rather, it is only a means to vindicate rights already conferred by the Constitution or laws of the United States. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).  Excessive force claims, however, can be raised under the Fourth, Eighth, and Fourteenth Amendments.  That amendment which applies generally depends on the status of the plaintiff at the time of the incident; that is, whether the plaintiff was a free citizen, convicted prisoner, or fit in some gray area in between the two.  *Lanman v. Hinson*, 529 F.3d 673, 680-81 (6th Cir. 2008); *Phelps v. Coy*, 286 F.3d 295, 299 (6th Cir. 2002). The Fourth Amendment's prohibition against unreasonable seizures bars excessive force against free citizens, *see Graham*, 490 U.S. at 388 while the Eighth Amendment's ban on cruel and unusual punishment bars excessive force against convicted persons.  *See Whitley v. Albers*, 475 U.S. 312, 318-22 (1986).  When a citizen does not fall clearly within either category, *e.g.*, pretrial detainees, the Fourteenth Amendment's more generally applicable Due Process Clause governs to bar a governmental official's excessive use of force.  *See Lanman*, 529 F.3d at 680–81; *Phelps*, 286 F.3d at 300.

dismiss Harrison's supplemental state law/common law claims alleging assault, negligence, and wanton conduct, without prejudice to his rights to assert those claims in state court.

## DISCUSSION

Harrison alleges that on **March 2, 2015**, Defendant Back unreasonably searched and/or seized him in violation of his Fourth Amendment rights, and applied excessive force to him, in violation of his Fourteenth Amendment rights. *See* Complaint R. 1, pp. 2-3, § III (A) and (B). The Clerk of the Court did not actually receive and docket Harrison's complaint until Tuesday, April 19, 2016, but under the "prisoner mail-box rule,"[2] Harrison's Complaint is considered to have been filed on April 8, 2016, the date which he identified on the last page of his Complaint. *See id.*, p. 9. But even using "April 8, 2016," as the applicable "filing" date, Harrison's § 1983 complaint must be dismissed because it is barred by the applicable one-year statute of limitations.

Title 42 U.S.C. § 1983 does not provide its own statute of limitations, so federal courts "borrow" the applicable limitations period from the state where the events occurred. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276-79 (1985). For constitutional torts committed in Kentucky, the one-year limitation period under Ky. Rev. Stat. § 413.140(1)(a) for bringing general personal injury actions applies. *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 181–82 (6th Cir. 1990). Federal law governs when the statute of limitations begins to run. *Wilson*, 471 U.S. at 267; *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). A cause of action accrues when "... the plaintiff knows or has reason to know that the act providing the

---

[2] Under the "prisoner mail-box" rule recognized by the Supreme Court, a prisoner's complaint is deemed filed on the date on which the prisoner certifies that he placed his complaint (or other legal pleading) in the prison's mail system. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002) (*per curiam*) (extending *Houston*).

3

basis of his or her injury has occurred." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991); *see also Sevier*, 742 F.2d at 273

Here, Harrison unequivocally states that Defendant Back unreasonably seized him and applied excessive force to him on March 2, 2015,[3] meaning that Harrison either knew, or should have known, about the facts underlying his constitutional claims on March 2, 2015. To satisfy Kentucky's one-year statute of limitations applicable to § 1983 actions, Harrison should have filed this § 1983 action asserting his Fourth and Fourteenth Amendment claims on or before **March 2, 2016**. However, Harrison did not file his § 1983 complaint until **April 8, 2016**, over thirteen months **after** the events of March 2, 2015 allegedly transpired, and over one month after the one-year statute of limitations expired.

The United States Supreme Court has held that, in cases of alleged Fourth Amendment violations brought under § 1983, the statute of limitations begins to run on the date that the alleged constitutional violations occurred (which, in this case, would be March 2, 2015). *See Wallace v. Kato*, 549 U.S. 384, 397 (2007). Further, the courts have consistently held that related Fourteenth Amendment claims alleging the use of excessive force during an arrest arise on the date on that allegedly excessive force was applied, and that they are thus are subject to the forum state's applicable statute of limitations. *See, e.g., Michel v. City of Akron*, 278 F. App'x 477, 480 (6th Cir. 2008); *Hodge v. City of Elyria*, 126 F. App'x 222 225 (6th Cir. 2005) (holding that unconstitutional excessive force alleged in § 1983 action occurred at time that cocaine possession suspect was arrested, and that Ohio's applicable Ohio statute of limitations began to accrue on day of arrest; although suspect purportedly did not realize permanent nature of his injuries until three months

---

[3] Harrison further alleges that Defendant Back beat him so severely that "…law enforcement personnel had me immediately transported to Saint Joseph Hospital." [R. 1, p. 2, § III (A)]. Thus, it cannot be construed that Harrison was unaware of his injuries on March 2, 2015, or that his injuries and the resulting harm from them did not manifest until after March 2, 2015.

4

after arrest, actual harm resulted from the alleged choking and hitting by officers during arrest); *Fox v. DeSoto*, 489 F.3d 227, 235 (6th Cir. 2007) (applying *Wallace* to hold claims that arrestee-plaintiff's claims against arresting officer and others, alleging arrest without probable cause and excessive force in violation of the Fourth Amendment, and state law claims for false arrest, false imprisonment, and assault and battery, accrued, for limitations purposes, on date of arrest, and were barred by Kentucky's one-year statute of limitations); *Stimac v. Bostick*, 7 F.3d 235, 1993 WL 384999, at *1 (6th Cir. Sept. 29, 1993) (holding that plaintiff's claims alleging invasion of privacy during the criminal investigation, illegal seizure of automobile, and excessive force during arrest, were all barred by the three-year statute of limitations applicable to civil rights actions filed in Michigan); *Gonzalez v. Entress*, 133 F.3d 551, 553 (7th Cir. 1998); *Sublett v. White*, No. 5:12CV-P97-R (W. D. Ky. Sept. 21, 2012) ; *Holley v. Metro Nashville Police Dept.*, No. 3:15-CV-01148, 2015 WL 7016465, at *4 (M.D. Tenn. Nov. 10, 2015) (citing *Wallace* and finding that the plaintiff's claims alleging excessive force and unlawful arrest were time barred under Tennessee law, and were not "….tolled by …charges or even a conviction.")  Thus, Harrison's 1983 claims alleging excessive force and/or unreasonable search and seizure are barred by Kentucky's one-year statute of limitations set forth in Ky. Rev. Stat. § 413.140(1)(a).

Although the statute of limitations is an affirmative defense, a complaint can be dismissed for failure to state a claim if the allegations of the complaint demonstrate that the claim would be barred by the applicable statute of limitations. *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097 (6th Cir. 1995). The Supreme Court has also held that when the face of the complaint shows that an action is time-barred, the case

5

may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007). That outcome is appropriate for this proceeding.

Here, as discussed, the allegedly unconstitutional conduct described in Harrison's complaint took place on March 2, 2015, but Harrison did not file this action until April 8, 2016, over one month **beyond** the expiration of Kentucky's one-year statute of limitations period. Given the facts as articulated by Harrison, this § 1983 action is time-barred, and thus no judicial purpose would be served in requiring Defendant Back to respond and allowing this matter to proceed. *See Castillo v. Grogan*, 52 Fed. App'x 750, 751 (6th Cir. 2002) (district court may *sua sponte* dismiss complaint as time-barred when the defect is obvious); *Alston v. Tennessee Dept. of Corrections*, 28 F. App'x 475, 476 (6th Cir. 2002) ("Because the statute of limitations was obvious from the face of the complaint, *sua sponte* dismissal of the complaint was appropriate.") (citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995)); *Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385 * 1 (6th Cir. Oct. 30, 1998) (affirming *sua sponte* dismissal of § 1983 action filed after applicable two-year statute of limitations had expired); *Brown v. University of Kentucky Comprehensive Assessment & Training Services*, No. 12-CV-123-KSF, 2013 WL 990423, at *7 (E.D. Ky. Mar. 13, 2013) (dismissing *pro se* plaintiff's § 1983 claims *sua ponte* where it was clear from the face of the complaint that they were time-barred); *aff'd*, *Brown v. University of Kentucky Comprehensive Assessment & Training Services*, No. 13-5500 (6th Cir. Jun 19, 2014)). Thus, the Court will *sua sponte* dismiss Harrison's § 1983 claims as facially time-barred.

Finally, Harrison contends that Defendant Back's alleged conduct constituted assault, negligence, and wanton conduct, under Kentucky common law. The Court has dismissed Harrison's federal claims under 42 U.S.C. § 1983, leaving Harrison's pendant

state law claims as the only surviving claims in this action. A district court may decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all claims over which it possessed original jurisdiction. *Gibbs v. Montgomery County Agricultural Society*, 140 F. Supp.2d 835, 845 (6th Cir. 2001); *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997). Indeed, the Sixth Circuit has recognized that if all federal claims are dismissed before trial, remaining state-law claims generally should be dismissed as well. *Saglioccolo*, 112 F.3d at 233; *see also Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992).

Consistent with this principle, the Court declines to exercise supplemental jurisdiction over Harrison's state law claims alleging assault, negligence, and wanton conduct. *See* 28 U.S.C. § 1367(c)(2). For the reasons discussed herein, the state court would also likely determine that Harrison's common law claims are time-barred under Ky. Rev. Stat. § 413.140(1), but Harrison is free to pursue those claims in state court if he so chooses.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)     The Fourth and Fourteenth Amendment claims asserted by Plaintiff James W. Harrison, a/k/a James William Harrison, against Defendant Jason K. Back under 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE**.

(2)     Harrison's common law claims against Defendant Jason K. Back, alleging assault, negligence, and wanton conduct, are **DISMISSED WITHOUT PREJUDICE** to Harrison's right to assert those claims in state court.

(3) Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of Defendant Jason K. Back, Deputy Sheriff with the Laurel County Sheriff's Department in London, Kentucky.

This April 21, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY