UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| **JAMES W. HARRISON,** | CIVIL ACTION NO. 6:16-63-KKC |
| **Plaintiff,** | |
| V. | **OPINION AND ORDER** |
| **JASON K. BACK, Deputy Sheriff,** Laurel County Sherriff's Department, | |
| **Defendant.** | |

*** *** ***

This matter is before the Court on the motion for reconsideration (DE 9) filed by the plaintiff James W. Harrison.

Harrison was an inmate confined by the Kentucky Department of Corrections ("KDOC") in the Laurel County Detention Center, which is located in London, Kentucky. Proceeding without counsel, Harrison filed a U.S.C. § 1983 civil rights complaint (DE 1) in which he asserts constitutional claims against Jason K. Back, whom Harrison identifies as a Deputy Sheriff employed by the Laurel County Sheriff's Department.

Harrison alleges that on March 2, 2015, at approximately 8:00 p.m., Back arrested him at the residence of Jo Maggard, 115 Elmwood Court, London, Kentucky, and that during the course of the arrest, Back applied unnecessary and excessive physical force to him, causing him to sustain serious bodily injuries. Harrison alleges that Back's actions violated his rights guaranteed by the Fourth Amendment of the U.S. Constitution, which prohibits unreasonable searches and seizures, and by the Fourteenth Amendment of the U.S. Constitution, which guarantees a pre-trial detainee's right to be free from cruel and unusual conduct.

1

Upon initial screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court determined that Harrison's constitutional claims were filed after the one-year statute of limitations for § 1983 actions. The allegedly unconstitutional conduct occurred on March 2, 2015 and Harrison did not file this action until April 8, 2016. The Court dismissed the constitutional claims and declined to exercise jurisdiction over Harrison's state-law claims, dismissing them without prejudice. A district court may dismiss a complaint sua sponte "[w]hen a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint." *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002). It was clear from the face of Harrison's complaint that his constitutional claims were untimely absent tolling and he did not allege any facts in his complaint that would warrant tolling.

Harrison now moves for reconsideration. He argues that he was detained immediately after the incident and placed in an isolation cell for approximately three to five weeks with no access to writing materials or contact with outside sources. He states he has been incarcerated since the time of the incident and that he started having "severe headaches, flashbacks, nightmares, etc." three to four months after the incident.

In applying the statute of limitations, the court must follow any applicable Kentucky tolling provisions. *Wallace v. Kato*, 549 U.S. 384, 394 (2007). The Court assumes that Harrison relies on Kentucky's equitable tolling doctrine which tolls a limitation period "where a plaintiff was diligent in pursuing his rights but factors beyond his control prevented the action from being commenced within the limitation period." *Stoner v. Percell*, No. 3:13-CV-00762-CRS, 2014 WL 6611557, at *5 (W.D. Ky. Nov. 20, 2014). Harrison's argument that he had insufficient library access fails because such arguments, standing alone, do not warrant equitable tolling. *United States v. Stone*, 68 F. App'x 563, 565 (6th Cir. 2003). Harrison alleges he had headaches, flashbacks, and nightmares after the

incident but he does not allege any facts indicating that he was of unsound mind during the relevant time period as required under KRS § 413.170(1).

Accordingly, the Court hereby ORDERS as follows:

1) Harrison's motion for reconsideration (DE 9) is DENIED; and

2) The Clerk of the Court SHALL mail a copy of this ORDER to Harrison's address of record and to the address on the mailing envelope for this motion (DE 9-2).

Dated March 17, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY